UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ARIK JAMES USHER,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF; LUCAS OYLER, PENNINGTON COUNTY 24-7 PROGRAM ADMINISTRATOR, individual and official capacity; and PENNINGTON COUNTY, 24-7 PROGRAM, individual and official capacity,<br><br>Defendants. | 5:26-CV-05042-KES<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Arik James Usher, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Usher also moves for leave to proceed in forma pauperis. Docket 2. The court screens Usher's complaint under 28 U.S.C. § 1915A and issues the following order.

## I. Motion for Leave to Proceed in Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court, may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the

entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Usher's certified prisoner trust account report shows an average monthly deposit of $0.00 and an average monthly balance of $0.00. Docket 3 at 1. Based on this information, the court grants Usher's motion for leave to proceed in forma pauperis (Docket 2) and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Usher must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency

> having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Usher's institution. Usher remains responsible for the entire $350 filing fee as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

Usher sues 24-7 Program Administrator Lucas Oyler, Pennington County Sheriff Brian Mueller, and the Pennington County 24-7 Program in their individual and official capacities.[1] *Id.* He brings claims against all defendants for violating his Fourteenth and Fourth Amendment rights.[2] Usher seeks monetary relief. *Id.* at 5.

Usher claims he was "[p]laced in jail for not having the $10.00" program fee for the 24-7 Program. *Id.* at 4 (capitalization in original omitted). The complaint states Administrator Oyler acted under color of state law by arresting Usher for lack of funds. *Id.* at 2. As a result of his incarceration,

---

[1] Usher only lists Pennington County Sheriff Mueller in his case caption and not in his enumerated defendants under section A of the complaint. Docket 1 at 1-2. Also, the case caption listed on the docket does not specify the capacity in which Usher sues Sheriff Mueller. But the court construes Usher's addition of "et al" after the named defendant, Pennington County, as including Sheriff Mueller in both his individual and official capacities. *Id.* at 2.

[2] As the court understands his complaint, Usher is alleging a Fourteenth Amendment violation of his due process rights and a violation of his Fourth Amendment right to be free from illegal search and seizure.

Usher lost his “home, job, and freedom” because he was taken off probation and sent to the Pennington County jail. *Id.* at 4 (capitalization in original omitted).

**B. Legal Background**

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, “a *pro se* complaint must contain specific facts supporting its conclusions.” *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App’x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App’x 481, 482 (8th Cir. 2007) (per curiam).

A complaint “does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint’s factual allegations must be “enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]” *Twombly*, 550 U.S. at 555 (citations

omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Usher's claims under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Fourth Amendment

The Fourth Amendment requires an arrest to be supported by probable cause and protects against unreasonable seizures. U.S. Const. amend. IV; *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). A seizure of a person can take the form of a show of authority that in some way restrains the liberty of the person. *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (citation omitted). This plainly refers to an arrest. *Id.* at 312.

##### a. Individual Capacity Claims

Usher sues Administrator Lucas Oyler and Sheriff Brian Mueller in their individual capacities for monetary relief. Docket 1 at 2. He alleges that he has been unconstitutionally imprisoned due to a lack of funds to remain in the 24-7 Program. *Id.* at 4. Usher has not identified the precise constitutional violation, but the court interprets the complaint to allege a Fourth Amendment

claim. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("[T]he district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citation omitted). Usher's individual capacity claim must allege that Oyler and Mueller either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Usher is presumably alleging an improper seizure based on his arrest when he was unable to pay the fees required for the 24-7 Program. *See* Docket 1 at 4. Usher claims Oyler and Mueller were personally involved in arresting him and restraining his liberty. *Id.* Usher does not challenge whether his arrest was supported by probable cause, but the court can infer that Usher believes his arrest was unreasonable. At this time the court cannot say that Usher's Fourth Amendment claims against defendants in their individual capacities are wholly without merit, thus these claims survive § 1915A review.

**b. Official Capacity Claims**

Usher sues Administrator Oyler and Sheriff Mueller in their official capacities and the Pennington County 24-7 Program seeking monetary relief. Docket 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Usher's official capacity claims against defendants are construed as claims against the county itself and can be evaluated under the same analysis as Usher's claim against the Pennington County 24-7 Program. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); Docket 1 at 2.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). But the complaint need not "specifically plead the existence of an unconstitutional policy[.]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). Rather, the complaint must

include some language that would support the existence of an unconstitutional policy. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Usher's statements give rise to an inference that the 24-7 Program's requirements, enforced by Oyler and Mueller as county employees, could have caused an unreasonable seizure of Usher when he lacked funds for the program. Even though Usher has not specifically pleaded an unconstitutional policy, the 24-7 Program operates as a governmental practice. Usher claims Oyler and Mueller incarcerated Usher according to the 24-7 Program's funds requirement. Docket 1 at 4. Thus, the court finds Usher's Fourth Amendment claims against Oyler and Mueller, in their official capacities, and the Pennington County 24-7 Program survive § 1915A screening.

### 2. Fourteenth Amendment

"[A] § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.' " *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)). "[T]o prevail on a Fourteenth Amendment due process claim, [a plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003) (citations omitted). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "A liberty interest inherent in the Due Process Clause arises when a

person has substantial, albeit conditional, freedom such as when he is on probation or parole." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996) (citation omitted).

**a. Individual Capacity Claims**

Usher has not explicitly referenced the Fourteenth Amendment but the court construes Usher's pleaded facts as alleging a due process violation. *See Stone*, 364 F.3d at 915. Usher states Oyler and Mueller placed him "under arrest for not having funds for [the] 24/7 Program." Docket 1 at 2. The arrest deprived Usher of his "freedom" because he was taken off probation and incarcerated. Docket 1 at 4. The complaint does not explain the state's process afforded to Usher prior to his incarceration. *See generally* Docket 1. Usher requests "compensation" for lacking funds, which was "beyond [his] control" and wants "justice done due to [a] loss of time from being locked up." *Id.* at 5. Although Usher's claims are underdeveloped, this court cannot conclude at this stage that Usher's Fourteenth Amendment claims are wholly without merit due to Oyler and Mueller's direct involvement in the deprivation of Usher's liberty through incarceration for failure to pay the 24-7 program fees. Thus, Usher's Fourteenth Amendment claims against Oyler and Mueller in their individual capacities for money damages survive § 1915A screening.

Usher also sues the Pennington County 24-7 Program in its individual capacity. *Id.* at 2. But the county's program cannot be sued in its individual capacity because it is not an individual. Thus, Usher's Fourth and Fourteenth

Amendment claims against the 24-7 Program, in its individual capacity, do not survive § 1915A screening.

**b. Official Capacity Claims**

Usher alleges that defendants were enforcing the Pennington County 24-7 Program's requirements that deprived him of his job and his freedom. Docket 1 at 2, 4. Also, Usher states Oyler and Mueller took part in arresting him due to his lack of funds for the 24-7 Program. *Id.* at 4. The program that resulted in an alleged constitutional violation suffices to establish a "persistent pattern of unconstitutional misconduct" by the defendants. *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 651 (8th Cir. 2025). Because Usher has alleged facts that support a claim that Pennington County has executed a program resulting in alleged due process violations and that defendants were personally involved in enforcing this program's requirements, his official capacity claims against Oyler, Mueller, and the Pennington County 24-7 Program survive § 1915A screening.

**III. Conclusion**

Thus, it is ORDERED:

1. That Usher's motion for leave to proceed in forma pauperis (Docket 2) is granted.
2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Usher's institution.
3. That the institution having custody of Usher is directed that whenever the amount in Usher's trust account, exclusive of funds

available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Usher's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

4. That Usher's Fourth Amendment and Fourteenth Amendment due process claims against Administrator Oyler and Sheriff Mueller, in their individual capacities, for money damages survive § 1915A screening.

5. That Usher's Fourth Amendment and Fourteenth Amendment due process claims against the Pennington County 24-7 Program, in its individual capacity, are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1).

6. That Usher's Fourth Amendment and Fourteenth Amendment due process claims against Sheriff Mueller, in his official capacity, Administrator Oyler, in his official capacity, and the Pennington County 24-7 Program, survive § 1915A screening.

7. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Usher so that he may cause the complaint to be served upon Oyler, Mueller, and the Pennington County 24-7 Program.

8. That Usher shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Oyler, Mueller, and the Pennington County 24-7 Program within 30 days of the date of this order. Failure to do so may result in the dismissal of Usher's complaint without prejudice for failure to prosecute.
9. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1) and this order upon defendants Oyler, Mueller, and the Pennington County 24-7 Program.
10. That defendants Oyler, Mueller, and the Pennington County 24-7 Program will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).
11. That Usher will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated October 13, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE